## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| UNILOC USA, INC. and §<br>UNILOC LUXEMBOURG, S.A., §<br>§<br>Plaintiffs, §<br>§<br>v. §<br>§<br>SHORETEL, INC., §<br>§<br>Defendant. §<br>§ | Civil Action No. 6:15-cv-1169<br><br>PATENT CASE<br><br>JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs, Uniloc USA, Inc. and Uniloc Luxembourg, S.A. (together "Uniloc"), as and for their complaint against defendant, ShoreTel, Inc. ("ShoreTel"), allege as follows:

### THE PARTIES

1. Uniloc USA, Inc. ("Uniloc USA") is a Texas corporation having a principal place of business at Legacy Town Center I, Suite 380, 7160 Dallas Parkway, Plano Texas 75024. Uniloc also maintains a placed of business at 102 N. College, Suite 603, Tyler, Texas 75702.

2. Uniloc Luxembourg S.A. ("Uniloc Luxembourg") is a Luxembourg public limited liability company having a principal place of business at 15, Rue Edward Steichen, 4th Floor, L-2540, Luxembourg (R.C.S. Luxembourg B159161).

3. Uniloc Luxembourg owns a number of patents in the field of unified telecommunication clients to establish and use collaborative VoIP text, media, audio and video communication solutions.  Uniloc's technologies are used in several markets, including unified communications and enterprise business VoIP telephony.

4.      Upon information and belief, ShoreTel, Inc. is a Delaware corporation having a principal place of business at 960 Stewart Drive, Sunnyvale, California 94085 and does business in Texas at, *inter alia*, 6500 River Pl Blvd., Austin, Texas 78730.  ShoreTel may be served with process through its registered agent CT Corporation System at 350 North Saint Paul St., Dallas, Texas 75201, or National Corporate Research Ltd., 206 E. 9th Street, Suite 1300, Austin, Texas 78701.

## JURISDICTION AND VENUE

5.      Uniloc brings this action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271 *et seq.*  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1367.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).  Upon information and belief, ShoreTel is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, has purposely transacted business involving the accused products in this judicial district, including sales to one or more customers in Texas and/or has a regular and established place of business in this judicial district.

7.      ShoreTel is subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to its substantial business in this State and judicial district, including: (A) at least part of its past infringing activities, and (B) regularly doing or soliciting business at 6500 River Pl Blvd., Austin, Texas 78730 and (C) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas.

## COUNT I
### (INFRINGEMENT OF U.S. PATENT NO. 7,804,948)

8.      Uniloc incorporates paragraphs 1-7 above by reference.

9.      Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 7,804,948 ("the '948 Patent"), entitled SYSTEM AND METHOD FOR INITIATING A CONFERENCE CALL that issued on September 28, 2010.  A true and correct copy of the '948 Patent is attached as Exhibit A hereto.

10.     Uniloc USA is the exclusive licensee of the '948 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

11.     Upon information and belief, the following describes, at least in part, the ShoreTel Unified Communications system, and more specifically, the ShoreTel System's instant messaging and conference call capabilities.

The ShoreTel system is a highly distributed, highly reliable voice communication system. A complete ShoreTel system is composed of the following fundamental components:

- ShoreTel servers
- ShoreTel voice switches
- IP endpoints, such as IP phones
- Client applications

The system may also include:

- ShoreTel Conferencing and Instant Messaging Services
- ShoreTel Contact Center Solution

The ShoreTel system's components interact with each other in a distributed environment. The heart of the architecture is the Telephony Management Service (TMS), which provides overall control for the entire ShoreTel system.

The administrative client, ShoreTel Director, is used to configure and manage the whole system.

Figure 1 on page 14 shows the various components of a ShoreTel system and how they interact with the public switched telephone network (PSTN) and IP-based networks.

3

12.     Upon information and belief, the following describes, at least in part, the ShoreTel Unified Communications system.



Figure 1:  ShoreTel System with Single-Image Management

**Source**: http://customers.btxchange.com/Manuals/ShoreTel/shoretel_14_maintenance_guide.pdf

13.     Upon information and belief, the following describes, at least in part, the ShoreTel Unified Communications system.

**ShoreTel Servers**

Each ShoreTel system includes a main server called the Headquarters server. Systems may optionally include distributed applications servers, called Distributed Voice Servers (DVSs). Each server provides a local instance of TMS that supports applications such as voicemail, workgroups and ShoreTel Communicator. Each instance of TMS manages its local softswitch and can be configured to manage ShoreTel voice switches as well. The Distributed Voice Servers rely on the Headquarters server for configuration changes, but otherwise DVSs can operate independently of the Headquarters server.

**ShoreTel Voice Switches and Service Appliances**

ShoreTel voice switches and service appliances provide physical connectivity for the PSTN and analog phones, and logical connectivity for IP endpoints on a reliable, highly scalable platform for the ShoreTel call control software. The ShoreTel voice switches and service appliances receive their configuration information via TMS.

**IP Endpoints**

The ShoreTel system manages calls and applications for two types of IP endpoints: IP phones and softphones. IP endpoints are identified by IP address and can exist anywhere on the network.

**ShoreTel Client Applications**

Client applications, such as ShoreTel Communicator, interact with TMS using the Client Application Server (CAS) for call and data handling. Beginning with ShoreTel 13, client applications use CAS rather than Client-Server Internet Service (CSIS) to retrieve and update data.

ShoreTel Communicator provides desktop call control as well as voicemail, directory, and call logging features. Users of supported versions of Microsoft Outlook can integrate their voicemail, contacts, and calendar with the ShoreTel system.

**Source**: http://customers.btxchange.com/Manuals/ShoreTel/shoretel_14_maintenance_guide.pdf

14.    Upon information and belief, the following describes, at least in part, the

ShoreTel Unified Communications system.

The ShoreTel Service Appliance is a sealed appliance, optimized for resiliency and security, capable of running ShoreTel services. The Service Appliance can host Audio Conferencing, Web Conferencing and Instant Messaging services.

Service appliances are deployed in the same manner as other ShoreTel voice switches and managed similarly to the voicemail-enabled switches. Director windows configure conference settings and provide status for the Service Appliance. Network setting are configured using a serial cable or the Service Appliance's switch command line interface (`stcli`). The management of the services running on the Service Appliance switch is done via the Service Manager command line interface (`svccli`). The `stcli` and `svccli` are accessible via a serial cable or remotely via SSH.

**Source**: http://customers.btxchange.com/Manuals/ShoreTel/shoretel_14_maintenance_guide.pdf

15.    Upon information and belief, the following describes, at least in part, the

ShoreTel Unified Communications system.

ShoreTel Communicator presents a single interface to manage business communications using your ShoreTel desk phone, computer, mobile phone, or home telephone. This means that you can move seamlessly between voice, video, or instant messages (IM).

Using ShoreTel Communicator simplifies your day-to-day communications, streamlines your work, and makes it easier to stay in the loop by putting intuitive communication and collaboration tools at your fingertips. ShoreTel Communicator for Windows also integrates with Microsoft Outlook.

**Source**: https://web.saumag.edu/its/files/2015/10/Shoretel-Communicator-Guide-Desktop-Software.pdf

16.     Upon information and belief, the following describes, at least in part, the

ShoreTel Unified Communications system.

# Instant Messaging Service

This service provides the Instant Messaging server to be used with ShoreTel Communicator for Windows and with the Apple iChat client. For the number of IM clients that Service Appliances can support, refer to the Specifications on page 36.

**Source**: http://www.ct-pros.com/training/documents/ShoreTel%20Conferencing/Conferencing%20&%20Instant%20Messaging%20Planning%20&%20Installation%20Guide%2014.2.pdf

17.     Upon information and belief, the following describes, at least in part, the

ShoreTel Unified Communications system.

## The Chat Window

The Chat window allows you to send and receive IM messages. This window is displayed when you initiate an IM session or when you receive the first message of an IM session.

By default, a separate Chat window opens for each current IM session. You can instead choose to have a single Chat window for all your sessions and to be warned before closing the single Chat window with multiple sessions. If using a single window, you toggle between sessions by clicking on the appropriate chat tab.



## Making a Call from an IM Session

To make a voice call to a participant of a IM session, from the Chat window, click the **Call Participants** icon.

The call is placed. Information on the call is displayed in the ShoreTel Communicator Active Call area.

**Source**: https://web.saumag.edu/its/files/2015/10/Shoretel-Communicator-Guide-Desktop-Software.pdf

18.    Upon information and belief, the following describes, at least in part, the ShoreTel Unified Communications system.

5. Within a group IM you may wish to start an instant conference call with all participants. To do this, simply click on the GREEN phone icon in the upper left hand corner.



6. Once you click the green phone icon, all parties in the group IM will be automatically dialed and placed into a conference call.



That's all there is to it! You have easily turned your group IM into an instant conference!

**Source**: http://blog.btigroup.com/tag/instant-messaging/

19.    ShoreTel has directly infringed and continues to directly infringe at least Claims 1, 2, 6, 9, 12, 18, 20, and 21 of the '948 Patent in this judicial district and elsewhere in Texas, literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling its Unified Communications software including, without limitation, ShoreTel Premises, ShoreTel Enterprise Edition, ShoreTel Small Business Edition, and ShoreTel Connect ONSITE, running ShoreTel release 12, 13, or 14 (including all minor

builds, *e.g.*, 14.3.1601.0), or equivalent, operating with ShoreTel Communicator client software, ShoreTel Service Appliance for Instant Messaging (a.k.a. ShoreTel Collaboration Service Applicance), such as SA-100, or SA-400, and ShoreTel Voice Switches, such as ShoreTel Voice Switch 90 and ShoreTel Voice Switch t1K.

      20.    ShoreTel has indirectly infringed and continues to indirectly infringe at least Claims 1, 2, 6, 9, 12, 18, 20, and 21 of the '948 Patent in this judicial district and elsewhere in the United States by, among other things, actively inducing the using, offering for sale, selling, or importation of its Unified Communications solutions, including without limitation those described above. ShoreTel's enterprise clients, who purchase and use its Unified Communications solutions, and components thereof and operate such solutions and components in accordance with ShoreTel's instructions, directly infringe at least the above referenced claims of the '948 Patent in violation of 35 U.S.C. § 271. ShoreTel instructs its customers through live and web demonstrations, training videos, brochures and administration, maintenance, installation and user guides, such as those located at the following:

http://customers.btxchange.com/Manuals/ShoreTel/shoretel_14_maintenance_guide.pdf

https://web.saumag.edu/its/files/2015/10/Shoretel-Communicator-Guide-Desktop-Software.pdf

https://www.shoretel.com/sites/default/files/ShoreTel%20Premises%20Communicator%20Specifications.pdf

http://www.ct-pros.com/training/documents/ShoreTel%20Conferencing/Conferencing%20&%20Instant%20Messaging%20Planning%20&%20Installation%20Guide%202014.2.pdf

https://www.shoretel.com/products/premises-how-it-works

http://www.ct-
pros.com/training/documents/ShoreWare%20Director%20Guides/ShoreTel%2014.2%20Install%
20Guide.pdf

http://customers.btxchange.com/Manuals/ShoreTel/Install%20Guide%20ShoreTel%2014.pdf

https://www.youtube.com/watch?v=A4_WEojmihc

ShoreTel is thereby liable for infringement of the '948 Patent pursuant to 35 U.S.C. § 271(b).

21.     ShoreTel has indirectly infringed and continues to indirectly infringe at least the claims identified above, by among other things, contributing to the direct infringement of others, including without limitation enterprise customers of its Unified Communications solutions by making, offering to sell, or selling, in the United States, or importing a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially  made or especially adapted for use in infringement of the '948 Patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

22.     For example, the ShoreTel software module that allows its enterprise clients to initiate a conference call from a group instant message window is a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patented process. Furthermore, such software module is a material part of the invention and upon information and belief is not a staple article or commodity of commerce suitable for substantial non-infringing use.  ShoreTel is thereby liable for infringement of the '948 Patent pursuant to 35 U.S.C. §271(c).

23.     ShoreTel will have been on notice of the '948 Patent since, at the latest, the service of this Complaint.  By the time of trial, ShoreTel will have known and intended (since

receiving such notice) that its continued actions would actively induce and contribute to the actual infringement of at least claims 1, 2, 6, 9, 12, 18, 20, and 21 of the '948 Patent.

24.     ShoreTel may have infringed the '948 Patent through other software utilizing the same or reasonably similar instant message to voice conference initiation functionality, including other versions or implementations of the ShoreTel software/hardware.  Uniloc reserves the right to discover and pursue all such additional infringing software.  For the avoidance of doubt, the above referenced ShoreTel Unified Communications solutions software and hardware are identified for exemplary purposes and in no way limits the discovery and infringement allegations against ShoreTel concerning other implementations or software that incorporated the same or reasonably similar instant messaging and conference call functionality.

25.     Uniloc has been damaged, reparably and irreparably, by ShoreTel's infringement of the '948 Patent and such damage will continue unless and until ShoreTel is enjoined.

## COUNT II
### (INFRINGEMENT OF U.S. PATENT NO. 7,853,000)

26.     Uniloc incorporates paragraphs 1-25 above by reference.

27.     Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 7,853,000 ("the '000 Patent"), entitled SYSTEM AND METHOD FOR INITIATING A CONFERENCE CALL that issued on December 14, 2010.  A true and correct copy of the '000 Patent is attached as Exhibit B hereto.

28.     Uniloc USA is the exclusive licensee of the '000 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

29.     ShoreTel has directly infringed at least Claims 1, 2, 6, 9, 12, 21, and 23, of the '000 Patent in this judicial district and elsewhere in Texas, literally and/or under the doctrine of

equivalents, by or through making, using, importing, offering for sale and/or selling its Unified Communications software including, without limitation, ShoreTel Premises, ShoreTel Enterprise Edition, ShoreTel Small Business Edition, and ShoreTel Connect ONSITE, running ShoreTel release 12, 13, or 14 (including all minor builds, *e.g.*, 14.3.1601.0), or equivalent, operating with ShoreTel Communicator client software, ShoreTel Service Appliance for Instant Messaging (a.k.a. ShoreTel Collaboration Service Applicance), such as SA-100, or SA-400, and ShoreTel Voice Switches, such as ShoreTel Voice Switch 90 and ShoreTel Voice Switch T1K.

30.     ShoreTel has indirectly infringed and continues to indirectly infringe at least Claims 1, 2, 6, 9, 12, 21, and 23 of the '000 Patent in this judicial district and elsewhere in the United States by, among other things, actively inducing the using, offering for sale, selling, or importation of its Unified Communications solutions, including without limitation those described above.   ShoreTel's enterprise clients, who purchase and use its Unified Communications solutions, and components thereof and operate such solutions and components in accordance with ShoreTel's instructions directly infringe at least the above referenced claims of the '000 Patent in violation of 35 U.S.C. § 271.  ShoreTel instructs its customers through live and web demonstrations, training videos, brochures and administration, maintenance, installation and user guides, such as those located at the following:

http://customers.btxchange.com/Manuals/ShoreTel/shoretel_14_maintenance_guide.pdf

https://web.saumag.edu/its/files/2015/10/Shoretel-Communicator-Guide-Desktop-Software.pdf

https://www.shoretel.com/sites/default/files/ShoreTel%20Premises%20Communicator%20Specifications.pdf

http://www.ct-pros.com/training/documents/ShoreTel%20Conferencing/Conferencing%20&%20Instant%20Messaging%20Planning%20&%20Installation%20Guide%2014.2.pdf

https://www.shoretel.com/products/premises-how-it-works

http://www.ct-pros.com/training/documents/ShoreWare%20Director%20Guides/ShoreTel%2014.2%20Install%20Guide.pdf

http://customers.btxchange.com/Manuals/ShoreTel/Install%20Guide%20ShoreTel%2014.pdf

https://www.youtube.com/watch?v=A4_WEojmihc

ShoreTel is thereby liable for infringement of the '000 Patent pursuant to 35 U.S.C. § 271(b).

31.     ShoreTel has indirectly infringed and continues to indirectly infringe at least the Claims identified above, by among other things, contributing to the direct infringement of others, including without limitation enterprise customers of its Unified Communications solutions, by making, offering to sell, or selling, in the United States, or importing a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially  made or especially adapted for use in infringement of the '000 Patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

32.     For example, the ShoreTel software module that allows its enterprise clients to initiate a conference call from a group instant message window is a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patented process. Furthermore, such software module is a material part of the invention, and upon information and belief, is not a staple article or commodity of commerce suitable for substantial non-infringing

use.  ShoreTel is thereby liable for infringement of the '000 Patent pursuant to 35 U.S.C. §271(c).

33.     ShoreTel will have been on notice of the '000 Patent since, at the latest, the service of this Complaint.  By the time of trial, ShoreTel will have known and intended (since receiving such notice) that its continued actions would actively induce and contribute to the actual infringement of at least Claims 1, 2, 6, 9, 12, 21, and 23 of the '000 Patent.

34.     ShoreTel may have infringed the '000 Patent through other software utilizing the same or reasonably similar instant message to voice conference initiation functionality, including other versions or implementations of the ShoreTel software/hardware.  Uniloc reserves the right to discover and pursue all such additional infringing software.  For the avoidance of doubt, the above referenced ShoreTel Unified Communications solutions software and hardware are identified for exemplary purposes and in no way limits the discovery and infringement allegations against ShoreTel concerning other implementations or software that incorporate the same or reasonably similar instant messaging and conference call functionality.

35.     Uniloc has been damaged, reparably and irreparably, by ShoreTel's infringement of the '000 Patent and such damage will continue unless and until ShoreTel is enjoined.

### COUNT III
(INFRINGEMENT OF U.S. PATENT NO. 8,571,194)

36.     Uniloc incorporates paragraphs 1-35 above by reference.

37.     Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 8,571,194 ("the '194 Patent"), entitled SYSTEM AND METHOD FOR INITIATING A CONFERENCE CALL that issued on October 29, 2013.  A true and correct copy of the '194 Patent is attached as Exhibit C hereto.

38.     Uniloc USA is the exclusive licensee of the '194 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

39.     ShoreTel has directly infringed at least Claims 1, 2, 3, and 4 of the '194 Patent in this judicial district and elsewhere in Texas, literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling its Unified Communications software including, without limitation, ShoreTel Premises, ShoreTel Enterprise Edition, ShoreTel Small Business Edition, and ShoreTel Connect ONSITE, running ShoreTel release 12, 13, or 14 (including all minor builds, *e.g.*, 14.3.1601.0), or equivalent, operating with ShoreTel Communicator client software, ShoreTel Service Appliance for Instant Messaging (a.k.a. ShoreTel Collaboration Service Applicance), such as SA-100, or SA-400, and ShoreTel Voice Switches, such as ShoreTel Voice Switch 90 and ShoreTel Voice Switch T1K.

40.     In addition, should ShoreTel's products be found to not literally infringe the asserted claims of the '194 Patent, ShoreTel's products would nevertheless infringe the asserted claims of the '194 Patent.   More specifically, the ShoreTel accused Products perform substantially the same function (contains instructions for implementing an instant message to voice call capability), in substantially the same way (comprising computer readable instructions contained on or loaded into non-transitory memory), to yield substantially the same result (effecting an instant message to voice conference call).   ShoreTel would thus be liable for direct infringement under the doctrine of equivalents.

41.     ShoreTel has indirectly infringed and continues to indirectly infringe at least Claims 1, 2, 3, and 4 of the '194 Patent in this judicial district and elsewhere in the United States by, among other things, actively inducing the using, offering for sale, selling, or importation of

its Unified Communications solutions, including without limitation those described above. ShoreTel's enterprise clients, who purchase and use its Unified Communications solutions, and components thereof and operate such solutions and components in accordance with ShoreTel's instructions directly infringe at least the above referenced claims of the '194 Patent in violation of 35 U.S.C. § 271.   ShoreTel instructs its customers through live and web demonstrations, training videos, brochures and administration, maintenance, installation and user guides, such as those located at the following:

http://customers.btxchange.com/Manuals/ShoreTel/shoretel_14_maintenance_guide.pdf

https://web.saumag.edu/its/files/2015/10/Shoretel-Communicator-Guide-Desktop-Software.pdf

https://www.shoretel.com/sites/default/files/ShoreTel%20Premises%20Communicator%20Specifications.pdf

http://www.ct-pros.com/training/documents/ShoreTel%20Conferencing/Conferencing%20&%20Instant%20Messaging%20Planning%20&%20Installation%20Guide%2014.2.pdf

https://www.shoretel.com/products/premises-how-it-works

http://www.ct-pros.com/training/documents/ShoreWare%20Director%20Guides/ShoreTel%2014.2%20Install%20Guide.pdf

http://customers.btxchange.com/Manuals/ShoreTel/Install%20Guide%20ShoreTel%2014.pdf

https://www.youtube.com/watch?v=A4_WEojmihc

ShoreTel is thereby liable for infringement of the '194 Patent pursuant to 35 U.S.C. § 271(b).

42.     ShoreTel has indirectly infringed and continues to indirectly infringe at least the claims identified above, by among other things, contributing to the direct infringement of others,

including without limitation enterprise customers of its Unified Communications solutions, by making, offering to sell, or selling, in the United States, or importing a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially  made or especially adapted for use in infringement of the '194 Patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

43.     For example, the ShoreTel software module that allows its enterprise clients to initiate a conference call from an individual or group instant message window is a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patented process.  Furthermore, such software module is a material part of the invention, and upon information and belief, is not a staple article or commodity of commerce suitable for substantial non-infringing use.  ShoreTel is thereby liable for infringement of the '194 Patent pursuant to 35 U.S.C. §271(c).

44.     ShoreTel will have been on notice of the '194 Patent since, at the latest, the service of this Complaint.  By the time of trial, ShoreTel will have known and intended (since receiving such notice) that its continued actions would actively induce and contribute to the actual infringement of at least Claims 1, 2, 3, and 4 of the '194 Patent.

45.     ShoreTel may have infringed the '194 Patent through other software utilizing the same or reasonably similar instant message to voice conference initiation functionality, including other versions or implementations of the ShoreTel software/hardware.  Uniloc reserves the right to discover and pursue all such additional infringing software.  For the avoidance of doubt, the above referenced ShoreTel Unified Communications solutions software and hardware are identified for exemplary purposes and in no way limits the discovery and infringement

allegations against ShoreTel concerning other implementations or software that incorporate the same or reasonably similar instant messaging and conference call functionality.

46.     Uniloc has been damaged, reparably and irreparably, by ShoreTel's infringement of the '194 Patent and such damage will continue unless and until ShoreTel is enjoined.

## PRAYER FOR RELIEF

Uniloc requests that the Court enter judgment against ShoreTel as follows:

(A)     that ShoreTel has infringed the '948 Patent, the '000 Patent and the '194 Patent;

(B)     awarding Uniloc its damages suffered as a result of ShoreTel's infringement of the '948 Patent, the '000 Patent and the '194 Patent pursuant to 35 U.S.C. § 284;

(C)     enjoining ShoreTel, its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries and parents, and all others acting in concert or privity with it from infringing the '948 Patent, the '000 Patent and the '194 Patent pursuant to 35 U.S.C. § 283;

(D)     awarding Uniloc its costs, attorneys' fees, expenses and interest, and

(E)     granting Uniloc such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Uniloc hereby demands trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.

Dated: December 28, 2015.

Respectfully submitted,

By: /s  *Craig Tadlock*

Craig Tadlock
Texas State Bar No. 00791766
Keith Smiley
Texas State Bar No. 24067869
**TADLOCK LAW FIRM PLLC**
2701 Dallas Parkway, Suite 360
Plano, TX 75093
Tel: (903) 730-6789
Email: craig@tadlocklawfirm.com
Email: keith@tadlocklawfirm.com

Paul J. Hayes
Robert R. Gilman
Kevin Gannon
**HAYES MESSINA GILMAN & HAYES LLC**
200 State Street, 6th Floor
Boston, MA 02109
Telephone: (617) 345-6900
Facsimile: (617) 443-1999
Email: phayes@hayesmessina.com
Email: rgilman@hayesmessina.com
Email: kgannon@hayesmessina.com

**ATTORNEYS FOR THE PLAINTIFFS**